Filed 6/5/26  Schneider v. Domeyer CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| MARK SCHNEIDER, | D086228 |
| Plaintiff and Appellant, | (Super. Ct. No. 37-2023-00043492-CU-OR-CTL) |
| v. | |
| MARK DOMEYER et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Carolyn M. Caietti, Judge.  Affirmed.

Mark Schneider, in pro. per., for Plaintiff and Appellant.

McCalla Raymer Leibert Pierce and Nabeel M. Zuberi for Defendants and Respondents.

## INTRODUCTION

Mark Schneider appeals the trial court's judgment after it sustained a demurrer and granted two motions to strike under the anti-SLAPP statute,[1]

---

[1] SLAPP is an acronym that refers to a strategic lawsuit against public participation.  (*Geiser v. Kuhns* (2022) 13 Cal.5th 1238, 1242.)

Code of Civil Procedure section 425.16,[2] and a motion for judgment on the pleadings. He filed no opposition to the motions in the trial court but claims the court erred in granting them as unopposed because service was improper and constitutionally inadequate. He also argues the court erred in finding his complaint failed to allege sufficient facts to state a claim for quiet title. We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2019, a deed of trust was recorded for "Julie C. Schneider, a married woman as her sole and separate property" securing a $406,036 loan for property in Spring Valley. (Capitalization omitted.) Mark was not named as a borrower or signatory.[3] A loan modification was recorded in April 2021. It again named "Julie . . . , a married woman as her sole and separate property" as the borrower and did not name Mark. (Capitalization omitted.)

The deed of trust was assigned to a mortgage company in May 2022. The next month, a non-judicial foreclosure service provider was substituted as trustee, and a notice of default and election to sell under deed of trust was recorded. The notice stated that the default amount was $22,380.68. A notice of trustee's sale was recorded in September 2022. The property sold at foreclosure to Freedom Mortgage Corporation.

In October 2022, Julie filed a wrongful foreclosure action in federal court. In January 2023, the federal district court granted the defendants' motions to dismiss because the complaint failed to state a claim under the

---

[2]     Further undesignated statutory references are to the Code of Civil Procedure.

[3]     Because Mark and Julie share the same last name, we refer to them by their first names. We do so for the sake of clarity, intending no disrespect.

Fair Debt Collection Practices Act. Because that was "the sole federal claim," the court "decline[d] to exercise jurisdiction over the remaining state law claims." It dismissed the state law claims without prejudice to being refiled in state court.

In January 2023, Defendant Freedom Mortgage Corporation filed an unlawful detainer action against Julie "and all unknown occupants." (Capitalization omitted.)

In October 2023, Mark filed his verified complaint for quiet title in this action. Defendant Mark Domeyer then filed a verified answer and Defendants Freedom Mortgage Corporation, Stanley Middleman, Stan Moskowitz, and Cathy K. Robinson filed a demurrer and an anti-SLAPP motion to strike. Domeyer subsequently filed an anti-SLAPP motion to strike and a motion for judgment on the pleadings.

In January 2025, the court granted the defendants' motions after finding defendants "duly served" Mark "at the address listed" on his complaint. Because Mark failed to file any opposition to the motions, the court found he "impliedly concede[d]" the merits of the motions. Additionally, the court found "the first and only cause of action fails to state sufficient facts to constitute quite title and is uncertain." It "agree[d] with Defendants that it is difficult to follow and ascertain what [Mark] is alleging." It also found the complaint "fail[ed] to allege the basis for his title and how Defendants have adverse claims to the title." The court therefore granted the motions and sustained the demurrer without leave to amend as Mark "did not request leave to amend, nor identify any facts to cure the defects raised in the demurrer."

3

## DISCUSSION

A.    *Legal Principles*

"Appealed judgments and orders are presumed correct, and error must be affirmatively shown." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) Although we appreciate the challenges of appearing as a self-represented litigant, the litigant "is entitled to the same, but no greater, consideration" as any other attorney or litigant on appeal and is required to follow the rules. (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638.) We are not required to develop the appellant's arguments or search the record for supporting evidence and may instead treat arguments that are not developed or supported by adequate citations to the record as waived. (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1011.)

We review de novo orders sustaining demurrers (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318), orders granting anti-SLAPP motions (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788) and orders granting motions for judgment on the pleadings (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777).

B.    *Analysis*

Mark first argues that the "**demurrer orders and judgment are void for lack of constitutionally adequate service and notice**." Mark, however, waived this argument because he failed to develop it adequately. (See, e.g., *People v. Johnson & Johnson* (2022) 77 Cal.App.5th 295, 324 ["By failing to adequately develop its argument, [defendant] has waived its claim of error."]; *Sevidal v. Target Corp.* (2010) 189 Cal.App.4th 905, 928 [failure to develop legal argument waives appellate challenge].) Mark repeatedly claims service was "defective" and made to an "incorrect address," but he fails to specify how service was defective or identify any error in the service address.

4

Mark thus waived his argument that service of the motions was unconstitutionally improper.

Moreover, even if Mark had not waived it, we would conclude the trial court properly granted the motions as unopposed.  The court correctly found that the defendants served the motions to the address Mark listed on his complaint:  "1 General-Delivery [¶] Spring Valley, California."  The record shows the address Mark provided on his complaint was used in each proof of service defendants filed with the court.  The motions, therefore, were properly served on Mark.  (See, e.g., *Ellard v. Conway* (2001) 94 Cal.App.4th 540, 547 [concluding that service "at their usual mailing address, their private/commercial post office box, was proper."].)  Although the address on each proof of service included the zip code (whereas Mark provided the same address without the zip code), Mark does not argue that the zip code was incorrect.  He also does not provide evidence that any delivery failure resulted from an incorrect address rather than his own refusal to accept delivery or his absence from the delivery location.

Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  (*Mullane v. Cent. Hanover Bank & Trust Co.* (1950) 339 U.S. 306, 314.)  Here, due process was satisfied as defendants relied on the address Mark provided at the beginning of the case and never updated.  (See Cal. Rules of Court, rule 2.200 [requiring parties to provide notice of change of contact information if that information changes while the action is pending].)  Thus, the trial court did not err when it granted as unopposed the demurrer, the motions to strike and the motion for judgment on the pleading.  (Cal. Rules of Court, rule 8.54(c) [failure to

oppose motion deemed consent]; *Herzberg v. County of Plumas* (2005) 133 Cal.App.4th 1, 20 [unopposed demurrer properly sustained].)

Additionally, the court properly dismissed Mark's lawsuit because his complaint contained no viable claim. The court noticed the existence and recording of documents such as the deed of trust. (See *Poseidon Development, Inc. v. Woodland Lane Estates, LLC* (2007) 152 Cal.App.4th 1106, 1117 ["A court may take judicial notice of something that cannot reasonably be controverted, even if it negates an express allegation of the pleading. [Citation.] This includes recorded deeds."]; *Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 194 ["A recorded deed is an official act of the executive branch, of which this court may take judicial notice."].) The documents show Julie—not Mark—was the borrower. (See *Villa Zinfandel, LLC v. Bearman* (2025) 116 Cal.App.5th 848, 858 [where there is no dispute as to authenticity, "the court did not err in taking judicial notice of the existence and facial contents of the recorded documents"]; *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 755 ["the trial court did not err at the demurrer stage in taking judicial notice of the identity of the beneficiary of a deed of trust, based on the designation of the beneficiary in the deed of trust, 'since its status was not a matter of fact existing apart from the document itself.' [Citation.] The deed of trust, as a legally operative document, designated the beneficiary, and therefore the identity of the beneficiary was not reasonably subject to dispute"].)

Here, because Mark is not listed on the deed of trust or the loan modification, the trial court did not err when it concluded his claim for quiet title was precluded due to a lack of ownership interest. (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 936 ["California law does not give a party personal standing to assert rights or interests belonging solely to

6

others."]; *Chao Fu, Inc. v. Chen* (2012) 206 Cal.App.4th 48, 59 ["[A]bsent an interest in the property, a party has no standing to ask the court to quiet title in the property or to obtain damages for the cloud on title."]; § 367 ["Every action must be prosecuted in the name of the real party in interest."].)

Finally, the trial court did not abuse its discretion when it denied leave to amend, because Mark failed to show "in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading."[4]  (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.)

---

[4]  On December 17, 2025, Mark filed a motion to augment the record on appeal.  In our January 8, 2026, order, we granted the motion in part and deemed his complaint part of the record on appeal.  We noted that we would consider whether to further augment the record with the "entire administrative process" documents concurrently with the appeal.  Having now considered the motion with respect to the "entire administrative process" documents, we decline to further augment the record as the documents are not necessary or relevant to the issues on appeal.  (See *Mission Beverage Co. v. Pabst Brewing Co., LLC* (2017) 15 Cal.App.5th 686, 696, fn. 4 [denial of augmentation because materials not relevant to issues on appeal].)  For the same reason, we deny his motion to augment the record and request for judicial notice filed on February 6, 2026.  (*Ibid.*; see *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 688, fn. 10 [an appellate court can decline to take judicial notice of matters that are not relevant or are not dispositive].)

DISPOSITION

The judgment is affirmed.  Respondents are entitled to their costs on appeal.


O'ROURKE, Acting P. J.

WE CONCUR:


BUCHANAN, J.


KELETY, J.